FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TERRENCE A. WILLIAMS,

    Plaintiff,

v.        Case No. 3:12-cv-794-J-20JBT

C.G. COOK,
etc.; et al.,

    Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint Form (Complaint) (Doc. #1) and exhibits (P. Ex.) on July 13, 2012, pursuant to 42 U.S.C. § 1983. He names the following individuals, as the Defendants, in this action: C.G. Cook (Chairman of the classification team) and Tommy Boston (a security officer and classification team member). Plaintiff asserts he was unlawfully confined in disciplinary confinement as a result of a September 23, 2011 disciplinary report for spoken, written, or gestured threats that was ultimately overturned. See Complaint at 5-6; P. Ex., Response to Request for Administrative Remedy (stating "you have presented sufficient evidence or information to warrant overturning the disciplinary report based on the investigation not properly being signed"), dated October 6, 2011.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

Plaintiff asserts that the Defendants falsely accused him of spoken, written, or gestured threats. He claims that, as a result of the disciplinary infraction, the Defendants segregated Plaintiff to disciplinary confinement. As relief, Plaintiff seeks compensatory and punitive damages for Defendants filing the allegedly false disciplinary report, causing him "significant hardship in relation to ordinary incidents of prison life." Complaint at 6.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." Rodriguez v. Sec'y, Dep't of Corr., 508 F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).

3

Thus, in the absence of a federal constitutional deprivation or violation of a federal right, Plaintiff cannot sustain a cause of action against the Defendants under section 1983. The Eleventh Circuit has explained the requirements for an Eighth Amendment violation.

> "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones . . . ." <u>Farmer</u>, 511 U.S. at 832, 114 S.Ct. at 1976 (internal quotation and citation omitted).[1] Thus, in its prohibition of "cruel and unusual punishments," the Eighth Amendment requires that prison officials provide humane conditions of confinement. <u>Id</u>. However, as noted above, only those conditions which objectively amount to an "extreme deprivation" violating contemporary standards of decency are subject to Eighth Amendment scrutiny. <u>Hudson</u>, 503 U.S. at 8-9, 112 S.Ct. at 1000.[2] Furthermore, it is only a prison official's subjective deliberate indifference to the substantial risk of serious harm caused by such conditions that gives rise to an Eighth Amendment violation. <u>Farmer</u>, 511 U.S. at 828, 114 S.Ct. at 1974 (quotation and citation omitted); <u>Wilson</u>, 501 U.S. at 303, 111 S.Ct. at 2327.[3]

<u>Thomas v. Bryant</u>, 614 F.3d 1288, 1306-07 (11th Cir. 2010). Here, Plaintiff refers to "significant hardship" as a result of the Defendants' actions in "wrongfully imprisoning" him. However, Plaintiff has not alleged facts sufficient to state a claim under

---

[1] <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994).

[2] <u>Hudson v. McMillian</u>, 503 U.S. 1 (1992).

[3] <u>Wilson v. Seiter</u>, 501 U.S. 294 (1991).

the Eighth Amendment in that he has neither shown an "extreme deprivation" nor deliberate indifference to any substantial risk of serious harm caused by such conditions.

Additionally, Plaintiff's action for compensatory and punitive damages against the Defendants for mental or emotional injuries is barred by 42 U.S.C. § 1997e(e) as long as he remains incarcerated. See Napier v. Preslicka, 314 F.3d 528, 531-32 (11th Cir. 2002), cert. denied, 540 U.S. 1112 (2004). Section 1997e(e) "applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody." Id. at 532. Thus, pursuant to § 1997e(e), a prisoner bringing a § 1983 action must demonstrate a physical injury that is more than de minimus in order to recover compensatory or punitive damages for mental or emotional injury suffered while in custody. Al-Amin v. Smith, 637 F.3d 1192 (11th Cir. 2011); Hale v. Sec'y, Dept. of Corr., 345 Fed.Appx. 489, 491 (11th Cir. 2009) (per curiam) (citation omitted) (not selected for publication in the Federal Reporter). Plaintiff does not allege any physical injury as a result of Defendants' actions; he simply states that the Defendants have violated his due process rights and subjected him to significant hardship.

An action barred by § 1997e(e) is barred only during the imprisonment of the Plaintiff. Therefore, this case will be dismissed without prejudice to his right to bring his claim after he is released.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. The case is **DISMISSED without prejudice.**

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3. The Clerk shall close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of July, 2012.

_____
UNITED STATES DISTRICT JUDGE

sc 7/23
c:
Terrence A. Williams